UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Mark Petty,<br><br>Plaintiff<br><br>v.<br><br>Las Vegas Metropolitan Police Department, et al.,<br><br>Defendants | Case No. 2:26-cv-01032-CDS-DJA<br><br>**Order Granting Plaintiff's First Motion to Amend Complaint and Denying as Moot Defendants' Motion to Dismiss the Complaint**<br><br>[ECF Nos. 5, 14] |

Plaintiff Mark Petty brings this civil rights and tort action against the Las Vegas Metropolitan Police Department (LVMPD) and the Clark County Detention Center (CCDC). Compl., ECF No. 1-1. LVMPD removed this action from the Eighth Judicial District Court of Clark County on April 2, 2024. Pet., ECF No. 1. On April 9, 2026, LVMPD moved to dismiss Petty's ninth and tenth claims. Mot. to dismiss, ECF No. 5. This motion is fully briefed. Opp'n, ECF No. 12; Reply, ECF No. 13. On May 12, 2026, Petty moved to amend his complaint. Mot. to amend, ECF No. 14. Therein, Petty asserts that he is filing this motion to amend should the court grant LVMPD's motion to dismiss. *Id.* This motion is also fully briefed. *See* Resp., ECF No. 18; Reply, ECF No. 19. LVMPD argues that there are deficiencies in the complaint (ECF No. 5 at 3–7), and Petty seeks to cure those alleged deficiencies (ECF No. 14 at 2–3). In response, LVMPD argues that Petty's motion is premature and that the amended complaint still fails to establish a viable claim against LVMPD. *See* ECF No. 18. For judicial efficiency, and to fully evaluate the claims being asserted by Petty, I find that in applying Rule 15(a), granting his motion to amend is in the interests of justice, so I grant Petty's first motion to amend his complaint and deny as moot LVMPD's motion to dismiss.

## I. Discussion

Rule 15 of the Federal Rules of Civil Procedure generally governs the amendment and supplementation of pleadings. Concerning motions to amend before trial that are not a matter of course, Rule 15 permits amendment "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). If the opposing party does not consent to an amendment, "[t]he court should freely give leave when justice so requires." *Id.* This standard favors amendment and courts are directed to apply it "with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted).

The court applies five factors to determine if amendment is appropriate: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint. *Id.* at 1–3 (citing *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986)). In weighing these factors, the court should give the most weight to the factor considering prejudice—i.e., factor three. *See Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

At this stage of the litigation, granting Petty leave to amend would not cause undue delay because it gives him an opportunity to cure the alleged deficiencies that LVMPD identifies in Petty's ninth and tenth claims.[1] *See* ECF No. 5. Moreover, this case is still early-on in the litigation track. Indeed, no scheduling and discovery order was entered, so Rule 15(a)'s liberality standard still applies. I recognize that LVMPD seeks to dismiss two claims, and granting Petty's motion would require yet another motion, but this prejudice is outweighed by Rule 15(a)'s interests of justice standard. I also do not find the proposed amended complaint to be futile because it seeks to provide additional allegations as to LVMPD's policies, customs, and practices (ECF No. 14 at 2).[2]

---

[1] Petty's motion to amend seemingly concedes these deficiencies as he seeks to cure them.

[2] However, plaintiff's counsel is reminded that generally, the use of "Doe" defendants is disfavored. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (citing *Wiltsie v. California Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968)). There are some situations, such as the present, where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff

Accordingly, I grant Petty's first motion to amend and deny as moot LVMPD's motion to dismiss Petty's ninth and tenth claims.

## II. Conclusion

IT IS THEREFORE ORDERED that the plaintiff's motion to amend **[ECF No. 14] is GRANTED.** The first amended complaint must be filed by August 21, 2026.[3]

IT IS FURTHER ORDERED that LVMPD's motion to dismiss **[ECF No. 5] is denied as moot.**

Dated: August 18, 2026

______________________________

Cristina D. Silva
United States District Judge

---

should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Id.* (citations omitted). Plaintiff is hereby placed on notice that failure to timely seek amendment of the complaint to identify alleged "Doe defendants" will result in dismissal of those allegations.

[3] The plaintiff is also reminded that Local Rule IC 2-2(3)(A) requires that exhibits and/or attachments "be attached as separate files[,]" not as part of the based document. LR IC 2-2(3)(A). Counsel is experienced in practicing in this court. So future violations of court rules will result in sanctions, to include, but not limited to, striking or summarily denying filings that fail to comply.